# MEMORANDUM CASES.

[Crim. No. 2282. In Bank.—July 27, 1920.]

## In the Matter of the Application of JOHN F. TEATSEN for a Writ of Habeas Corpus.

MOTOR VEHICLE ACT—CHARACTER OF HEADLIGHTS.—Application for a writ of *habeas corpus* denied and petitioner remanded to the custody of the officer on the authority of *In the Matter of the Application of Lee H. Hinkelman, for a Writ of Habeas Corpus, ante*, p. 392.

APPLICATION for a Writ of Habeas Corpus to secure release from custody for violation of Motor Vehicle Act. Denied.

The facts are similar to those stated in the opinion of the court *In the Matter of the Application of Lee H. Hinkelman, for a Writ of Habeas Corpus, ante*, p. 392, [191 Pac. 682].

James M. Oliver and Raymond Benjamin for Petitioner.

U. S. Webb, Attorney-General, and Leon French, Deputy Attorney-General, for Respondent.

SHAW, J.—The application for a writ of *habeas corpus* in this case is based on the same facts as are set forth in the *Case of Hinkelman, ante*, p. 392, [191 Pac. 682], decided concurrently herewith, except that Teatsen is charged with driving an empty motor truck of one-ton capacity, instead of an ordinary automobile, and equipped with a Dillon lens instead of a Warner lens. Said Dillon lens is also of the diffusive type referred to in section 13 of the Motor Vehicle Act, [Stats. 1919, p. 206]. The law on the subject of such vehicles and lenses is the same as applicable to automobiles carrying Warner lenses, and the principles stated in the case of Hinkelman are decisive of the present case.

It is therefore ordered that the said John F. Teatsen be remanded to the custody of the officer.

Lawlor, J., Angellotti, C. J., Wilbur, J., Sloane, J., Lennon, J., and Olney, J., concurred.